IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| BEATRICE VOIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: |
| TENDER HEART KARE, LLC, and SHIANA DESANGES, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, BEATRICE VOIGHT ("PLAINTIFF"), and files this Complaint against DEFENDANTS TENDER HEART KARE, LLC and SHIANA DESANGES (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT TENDER HEART KARE, LLC was a Florida corporation with a principal place of business in Lake County, Florida that provided home health services in Citrus County, Florida, which is where Plaintiff worked at all material times.

4. At all material times, DEFENDANT SHIANA DESANGES operated TENDER HEART KARE, LLC.

**BACKGROUND**

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT TENDER HEART KARE, LLC had annual gross sales in excess of $500,000 and two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide home health services.

8. At all relevant times, DEFENDANT TENDER HEART KARE, LLC was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Upon information and belief, at all relevant times, with respect to TENDER HEART KARE, LLC, DEFENDANT SHIANA DESANGES had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

10. At all relevant times, DEFENDANTS were employers within the meaning of the FLSA.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

12. In or around July 2019, DEFENDANTS hired PLAINTIFF to work as a caregiver at a rate of $10 per hour.

13. The FLSA requires an employer to pay its employees at a rate of at least minimum

wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

14. Throughout most of her employment, PLAINTIFF was paid on an hourly basis and she worked at least 20 to 25 hours per week, but was not paid at all for most of the hours she worked.

15. Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF at least minimum wage for every hour she worked.

16. PLAINTIFF therefore is owed compensation for time actually worked for which she did not receive compensation because DEFENDANTS willingly and knowingly withheld her wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT -BOTH DEFENDANTS

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. DEFENDANT TENDER HEART KARE, LLC regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

19. At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and are subject to the provisions of the Act.

20. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which she did not receive appropriate compensation.

21. During her employment with DEFENDANTS, PLAINTIFF performed work for which she was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANTS violated the minimum wage provisions of the Fair Labor Standards Act by not paying PLAINTIFF at least minimum wage for all the hours she worked. In that regard, PLAINTIFF worked 20 to 25 hours per week from July 2019 until she was injured in October 2022 and received less than 10 paychecks in that entire time.

22. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF by DEFENDANTS.

23. DEFENDANTS' failure to compensate PLAINTIFF for her work violates the minimum wage provisions of the FLSA and the regulations thereunder.

24. DEFENDANTS' failure to compensate PLAINTIFF for her work was a willful and knowing violation of the FLSA.

25. As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

26. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF compensation at a rate of minimum wage for the hours she worked without compensation, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

27. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, liquidated

damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT--  TENDER HEART KARE, LLC

28. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

29. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid an hourly rate of $10 per hour for each hour she worked.

30. PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for all the time she worked.

31. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, she has suffered delay in receipt of her wages and has been required to retain an attorney to help get her pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  November 8, 2022

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF