UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BEATRICE VOIGHT,

    Plaintiff,

v.                                              Case No: 5:22-cv-547-JA-PRL

TENDER HEART KARE, LLC and
SHIANA DESANGES,

    Defendants.
_____

REPORT AND RECOMMENDATION[1]

Before the Court in this Fair Labor Standards Act ("FLSA") case, is the parties' joint motion to approve their settlement and dismiss the lawsuit with prejudice. (Doc. 25). Here, the Court must determine whether the settlement between Plaintiff and Defendants is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

### I. LEGAL STANDARDS

If a settlement is unsupervised by the Department of Labor, compromise of FLSA claims is only available "[w]hen employees bring a private action for back wages under the FLSA, . . . present to the district court a proposed settlement, [and it] . . . enter[s] a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> employees are likely . . . represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages . . . actually in dispute; we allow the district court to approve the settlement . . . to promote the policy of encouraging settlement of litigation.

*Id.*

## II.  DISCUSSION

As set forth in the Settlement Agreement, Defendants will pay a total sum of $10,000.00 to resolve this matter, to include the following: (1) $2,600.00 to Plaintiff representing full compensation for Plaintiff's FLSA wage claims; (2) $2,600.00 to Plaintiff for emotional distress, liquidated, or other non-wage damages; (3) $329.00 to Plaintiff representing additional and independent consideration for non-wage related provisions of the agreement; and (4) $4,471.00 to Plaintiff's counsel for attorney's fees and costs. The parties were represented by experienced counsel and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of documents and settlement discussions. The parties agree that the settlement represents a reasonable compromise of Plaintiff's claims.

### A. Attorney's Fees and Costs

With respect to the agreed-to sum for attorney's fees and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. (Doc. 20 at ¶ 6); *see Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). Under the circumstances, I submit that the amount of $4,471.00 for attorney's fees and costs appears to be reasonable.[2]

### B. General Release

As for the remaining portions of the Settlement Agreement, the release of claims in Paragraph 5 may be impermissibly overbroad, as it extends beyond the named Defendants to:

> their past and present owners, directors, officers, shareholders, subsidiaries, parents, affiliates, representatives, attorneys, assigns, successors, agents, supervisors, managers, administrators, insurers and employees[.]

(Doc. 20-1 at ¶ 2.B.); *see Arguelles v. Noor Baig, Inc.*, 6:16-cv-2024-Orl-37TBS, 2017 U.S. Dist. LEXIS 26024, at *3 (M.D. Fla. Feb. 24, 2017) ("a general release may not be used to release a non-party."). As explained in *Arguelles*, the prohibition on releasing non-parties is to prevent "plaintiff's FLSA claim . . . . [from being] leverage[d] to produce a general release of all possible claims." *Id.*

However, where the other entities fall "within the definition of 'employer' in 29 U.S.C. § 216(b), [the release] would not be overbroad[.]" *Beard v. Steak N Shake Operations, Inc.*, No.

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

6:16-cv-1154-Orl-41TBS, 2017 U.S. Dist. LEXIS 223490, at *12 (M.D. Fla. Nov. 3, 2017). Here, the release appears to extend to individuals and entities that could fall within the definition of employer. *Cf. Langellier v. Brevard Extraditions Inc.*, No. 6:19-cv-1316-Orl-37EJK, 2021 U.S. Dist. LEXIS 63119, at *8-9 (M.D. Fla. Mar. 30, 2021) (recommending approving release covering non-named individuals that could be considered joint employers); *with Niles v. Denny's Inc.*, No. 6:16-cv-999-Orl-40TBS, 2017 WL 1352232, at *2 (M.D. Fla. Mar. 22, 2017), *report and recommendation adopted*, 2017 WL 1318666 (M.D. Fla. Apr. 10, 2017) (recommending modifying the release to limit it to the sole named defendant).

Further, generally, such broad releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010). However, Courts in this District have approved FLSA settlement agreements accompanied by separate general releases where there is consideration beyond what is due for the FLSA claims.[3] For example, courts frequently approve broad releases accompanying FLSA settlements where the plaintiff receives full compensation for her FLSA claim, and additional consideration for a general release, confidentiality provision, and other clauses. *See Weldon v. Blackwoods Steakhouse, Inc.,* No. 6:14-cv-79-Orl-37TBS, 2014

---

[3] While courts have approved FLSA settlements which were accompanied by separate agreements for general releases, courts do not approve or express an opinion of the terms of those separate agreements. *See Brozman v. Jenniferjames Haircolorxperts*, LLC, 2016 U.S. Dist. LEXIS 23231, *1 n. 1 (M.D. Fla. Feb. 25, 2016) (expressing no opinion on separate general releases of non-pending claims); *see also Middleton v. Sonic Brands L.L.C.*, 2013 U.S. Dist. LEXIS 129042, at *11 (M.D. Fla. Aug. 22, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 129039 (M.D. Fla., Sept. 10, 2013) (when "substantial consideration" is paid to plaintiff beyond the amount arguably due under the FLSA, a general release "does not render the settlement unfair or unreasonable.").

WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement).

In this District, Courts also approve FLSA settlements with broad releases where the Plaintiff received less than full compensation for her FLSA claim if there was an exchange of independent separate consideration. *See Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015) (approving FLSA settlement where independent consideration, separate from that owed under FLSA, was exchanged, specifically a mutual general release and neutral employment reference).

Here, the parties recite that Plaintiff is receiving compensation for her FLSA wage claims, including liquidated damages, and an additional $329.00 for the broad general release. (Doc. 20-1 at ¶ 1.C.). Under these circumstances, I submit that the Settlement Agreement should be approved with the broad general release.[4]

### C. Other Non-Cash Concessions

Additionally, the parties' settlement agreement contains a confidentiality and a waiver of future employment provision. (Doc. 20-1 at ¶¶ 2.F. & 4). These provisions are considered

---

[4] Moreover, the broad general release includes a class action waiver, (Doc. 20-1 at ¶ 2.B.), but the $329.00 independent consideration is sufficient to find the waiver fails to render the settlement unfair or unreasonable. *See Long v. Ravago Am., LLC*, No. 6:21-CV-1649-CEM-EJK, 2022 WL 2919057, at *5 (M.D. Fla. July 12, 2022), *report and recommendation adopted*, 2022 WL 2916814 (M.D. Fla. July 25, 2022) (recommending approval of settlement with $500.00 independent consideration exchanged for class waiver and general release); *see Raynon v. RHA/Fern Park Mr., Inc.*, No. 6:14-CV-1112-ORL-37, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014) (severing jury trial waiver where plaintiff "receiv[ed] nothing in return").

non-cash concessions which Courts in this District reject unless they were "negotiated for separate consideration or . . . there is a reciprocal agreement that benefits all parties." *Lowe v. Newquest, LLC*, No. 8:21-cv-2320-TPB-JSS, 2022 U.S. Dist. LEXIS 84862, at *8 (M.D. Fla. May 11, 2022) (regarding non-disparagement clause and confidentiality clause, "courts may find such non-cash concessions enforceable where they are supported by additional consideration."); *see Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving general release, non-disparagement provision, and waiver of future employment where plaintiff received separate consideration from that under the FLSA, specifically $500.00, mutual release of claims, and neutral reference agreement).

Here, as stated above, the parties recite that Plaintiff is receiving compensation for her FLSA wage claims, including liquidated damages, and an additional $329.00 for the confidentiality and waiver of future employment provisions. (Doc. 20-1 at ¶ 1.C.). Under these circumstances, I submit that the Settlement Agreement should be approved with the confidentiality and waiver of future employment provisions.

### D. Retaining Jurisdiction

Finally, the parties' Settlement Agreement contains a provision requesting the Court to retain jurisdiction to enforce its terms. (Doc. 20-1 at ¶ 11). Such provisions are typically severed, absent "'some independent basis for federal jurisdiction'." *Xiomara Alba v. Latino Grocery/Spanish Food, Inc.*, No. 6:17-cv-333-Orl-28GJK, 2017 WL 11017719, at *4 (M.D. Fla. Sept. 28, 2017), *report and recommendation adopted*, 2017 WL 11017583 (M.D. Fla. Oct. 24, 2017) (citation omitted). While the parties fail to offer an "independent basis for federal jurisdiction[,]" the Settlement Agreement provides a severability provision in Paragraph 7—

"[i]f a court of competent jurisdiction invalidates any provision or part of this Agreement, then all of the remaining provisions and parts of this Agreement shall continue unabated and in full force and effect." (Doc. 20-1 at ¶ 7). Therefore, I submit that Paragraph 11, requesting the Court to retain jurisdiction to enforce the agreement, should be severed.

### III.  RECOMMENDATION

Accordingly, and upon due consideration, I recommend that the Court **GRANT** the parties' joint motion for settlement approval (with the modification that paragraph 11, the request to retain jurisdiction, be excluded) (Doc. 20), and that the Court find the Settlement Agreement to be a fair and reasonable compromise of Plaintiff's FLSA claims. Further, as requested, the Court should dismiss the case with prejudice.

Recommended in Ocala, Florida on September 11, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy